# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SECRETARY OF LABOR  
ELAINE L. CHAO and  
UNITED STATES DEPARTMENT  
OF LABOR,  

        Plaintiffs,  

v.  

CRAIG WAGNER, et al.,  

        Defendants.  

CIVIL ACTION NO.  
1:07-CV-1259-JOF  

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for default judgment as to Defendants Craig Wagner and Concrete Construction Co. [6].

**I.    Procedural History and Facts**

Plaintiff, Elaine L. Chao, Secretary of Labor, filed suit against Defendants Craig Wagner and Concrete Construction Co. on May 31, 2007, alleging breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). According to the facts as alleged in the complaint, The Concrete Construction Company, Inc. 401(k) Savings Plan is an employee benefit program under ERISA. *See* Cmplt., ¶ 4. Craig Wagner is the trustee, plan administrator, and named fiduciary for the Plan. *Id.*, ¶ 5. Concrete

Construction ceased operations on February 28, 2005, but remains an active corporation according to the records of the Georgia Secretary of State. *Id.*, ¶ 7. Participants contributed a portion of their pay to the Plan through payroll deductions, and the Plan required Concrete Construction to make matching contributions on behalf of participants with certain limitations. *Id.*, ¶ 8.

Between March 4, 2003 and August 26, 2003, Defendants withheld employee contributions to the Plan in the amount of $7,106.41 but failed to segregate the contributions from the Company assets and never forwarded them to the Plan. *Id.*, ¶ 10. Defendants failed to ensure that Concrete Construction made matching contributions to the Plan in the amount of $2,542.67 for the payroll periods March 4, 2003 through June 11, 2003 and July 1, 2003 through August 26, 2003. *Id.*, ¶ 11. During these periods, Defendants allowed the contributions to be commingled with the general assets of Concrete Construction. *Id.*, ¶ 12. Defendants failed to monitor the acts of one another with respect to the Plan and when Concrete Construction ceased operations, Defendants failed to terminate the Plan and ensure that the assets of the Plan were appropriately distributed to participants. *Id.*, ¶¶ 15-16. Defendants have abandoned the Plan as a result of which participants are unable to receive information about their funds or gain access to their funds. *Id.*, ¶ 17.

Thus, Defendants failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries in violation of ERISA Section 404(a)(1)(A), 29

AO 72A
(Rev.8/82)

U.S.C. § 1104(a)(1)(A). *Id.*, ¶ 18(a). Defendants failed to act with the care, skill, prudence, and diligence that a person in a like capacity should use, in violation of ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). *Id.*, ¶ 18(b). Defendants failed to discharge their duties with respect to the Plan in accordance with the documents governing the Plan in violation of ERISA 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). *Id.*, ¶ 18(c). Defendants failed to ensure that all assets of the Plan be held in trust by one or more trustees in violations of ERISA Section 403, 29 U.S.C. § 1103(a). *Id.*, ¶ 18(d). Defendants failed to ensure that the assets of the Plan did not inure to the benefit of the Company in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1). *Id.*, ¶ 18(e). Defendants caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to or use of Plan assets by or for the benefit of a party in interest in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). *Id.*, ¶ 18(f). Defendants dealt with assets of the Plan in their own interest in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1). *Id.*, ¶ 18(g). Defendants acted in these transactions on behalf of a party whose interests were adverse to the interests of the Plan or its participants and beneficiaries in violation of ERISA Section 406(b)(2), 29 U.S.C. § 1106(b)(2). *Id.*, ¶ 18(h). Defendants failed to maintain an adequate fidelity bond in violation of Section 412(a) of ERISA, 29 U.S.C. § 1112(a). *Id.*, ¶ 19.

3

AO 72A
(Rev.8/82)

In the complaint, Plaintiffs ask the court to order Defendants to restore to the Plan all losses which occurred as a result of the breaches of fiduciary duty, appoint a successor fiduciary or administrator to receive funds recovered as a result of this action, permanently enjoin Defendant Wagner from serving as an ERISA fiduciary, and award Plaintiffs costs in the action.

Plaintiffs served Defendants Craig Wagner and Concrete Construction Company on September 15, 2007. Defendants did not answer Plaintiffs' complaint. Plaintiffs moved the Clerk of the Court to enter default against Defendants under Rule 55(a). The Clerk of the Court entered default on November 19, 2007. On August 4, 2008, Plaintiffs filed the instant motion for default judgment.

## II.     Discussion

The court may grant default judgment on those claims brought by Plaintiffs that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). By their default, Defendants "admit[] the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Defendants are in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [A]

default is not treated as an absolute confession by the [defendant] of [its] liability and of the plaintiff's right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Defendants are sufficient to establish both Defendants' liability and the amount of damages such that Plaintiffs' motion for default judgment must be granted.

Furthermore, a "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Morever, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

The court finds that the well-pleaded allegations in Plaintiff's complaint state a cause of action for breach of fiduciary duties under ERISA. The nature of the relief sought by Plaintiffs is both specific amounts of money, as supported by the allegations set forth in the complaint, as well as injunctive relief that the court finds is appropriate under the

5

circumstances. Therefore, the court GRANTS Plaintiffs' motion for default judgment [6] and enters the following order:

Finding that Plaintiffs have demonstrated the liability of Defendants, the court issues relief in accordance with that requested by Plaintiffs:

A.  Defendants Wagner and Concrete Construction shall make restitution to the Concrete Construction Company, Inc. 401(k) Savings Plan ("the Plan") all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations in the amount of $11,672.33, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, from the date of judgment until paid in full;

B.  Defendants Wagner and Concrete Construction are removed from any position they hold as a named or functional fiduciary to the Plan.

C.  M. Larry Lefoldt of Lefoldt & Company, 690 Towne Center Boulevard, P.O. Box 2848, Ridgeland, Mississippi, (601) 956-2374, is hereby appointed and shall serve as the Independent Fiduciary of the Plan, effective as of the date he accepts such appointment, with plenary authority to administer the Plan and to implement its orderly termination and:

1. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against them, and pay the assets out to participants and other creditors of the Plan and, take such further actions with respect to the Plan as may be appropriate.

2. The Independent Fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, and is specifically vested with the right to terminate the Plan, marshal the assets of the Plan, and distribute the assets of the Plan without seeking further order from this Court.

3. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

4. The Independent Fiduciary is authorized to receive reasonable fees and expenses, payable from the assets of the Plan, that are approved by the Court in accordance with subparagraph 9.

5. Defendants Wagner and Concrete Construction shall deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and

7

however stored that are reasonably necessary to perform the duties of Independent Fiduciary.

6. The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

7. The Independent Fiduciary may not be held personally responsible for any claims against the Plan by any related entities if such claims existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

8. The Independent Fiduciary has obtained and is to maintain a bond pursuant to ERISA Section 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is to be the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for himself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of ERISA.

9. Defendants Wagner and Concrete Construction Co. shall reimburse the Plan for the Independent Fiduciary's fees with respect to services performed for the Plan by or on behalf of the Independent Fiduciary upon approval of such fees by the Court.

AO 72A
(Rev.8/82)

10. The Independent Fiduciary shall submit a proposed fee schedule and an estimate of the total fees associated with distributing assets and terminating the Plan, to the Court for approval. The parties shall have ten (10) days from service to comment on the proposed fee schedule. The fee schedule and estimate shall be considered approved if no party of the Court objects within that period.

11. The Independent Fiduciary shall file with the Court, with copies to the parties, periodic bills for services to the Plan. If no party of the Court objects within ten (10) days of service, payment shall be made by the Defendant to the Plan, in care of the Independent Fiduciary, within fifteen (15) days after notice to the parties is given, with post judgment interest to be assessed against any remaining unpaid balance of such amount, in accordance with 29 U.S.C. § 1961, until paid in full. If any party of the Court objects to any payment, the matter should be resolved by the Court prior to payment.

D. Defendant Wagner is hereby specifically and permanently enjoined from directly or indirectly, or through or with any agent, entity, or individual, engaging in any of the following conduct:

1. Serving as an administrator, fiduciary, officer, trustee, custodian, counsel, agent, employee, adviser, consultant, or representative in any capacity that involves decision making authority or control of the monies, plans or assets of any employee benefit plan or assets covered by Title I of ERISA;

2. Providing or rendering services of any kind to any employee benefit plan covered by Title I of ERISA, or involving any assets covered by Title I of ERISA, including but not limited to, consulting, advising, legal, brokerage, accounting, or bookkeeping services; or

3. Receiving any compensation, consideration, or anything of value from any ERISA-covered employee benefit plan.

E. Defendant Wagner is hereby enjoined from engaging in any further action in violation of Title I of ERISA;

F. Defendants Wagner and Concrete Construction shall pay the Secretary's costs of this action; and

G. The Court shall retain jurisdiction over the parties hereto as may be necessary to enforce the provisions of this Judgment.

AO 72A
(Rev.8/82)

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### III. Conclusion

The court GRANTS Plaintiff's motion for default judgment as to Defendants Craig Wagner and Concrete Construction Co. [6].

**IT IS SO ORDERED** this 13th day of January 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)